IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 05-_11985_-WWB |
| | : | (Chapter 13) |
|     ROBERT E. ENNIS | : | Judge Warren W. Bentz |
|     KATHLEEN L. ENNIS | : | |
| | : | |
|     Debtors. | : | |
| | : | |
| COUNTRYWIDE HOME LOANS, INC. | : | Hearing Date: 06/22/2006 |
| | : | |
|     Movant, | : | Document No. |
| | : | |
|   vs. | : | |
| | : | |
| ROBERT E. ENNIS | : | |
| KATHLEEN L. ENNIS and | : | |
| RONDA J. WINNECOUR, ESQ. | : | |
| Chapter 13 Trustee | : | |
| | : | |
|     Respondents. | : | |

RESPONSE OF THE DEBTORS, ROBERT E. ENNIS AND KATHLEEN L. ENNIS,
TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY
OF COUNTRYWIDE HOME LOANS, INC. AND
REQUEST FOR SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011

Now come the Debtors, ROBERT E. ENNIS and KATHLEEN L. ENNIS, the Respondents herein, by and through counsel, MICHAEL J. GRAML, ESQ., and for their response to the Motion for Relief from the Automatic Stay of COUNTRYWIDE HOME LOANS, INC., state as follows:

1. Respondents admit paragraphs one (1) through three (3), inclusive, of the Motion for Relief from the Automatic Stay of COUNTRYWIDE HOME LOANS, INC.

2. Respondents admit in part and deny in part paragraph four (4) of the Motion for Relief from the Automatic Stay of COUNTRYWIDE HOME LOANS, INC.

Respondents acknowledge that a foreclosure proceeding was instituted by Movant, COUNTRYWIDE HOME LOANS, INC. on or about April 24, 2004 in the Erie County Common Pleas Court due to a delinquency that had arisen under the terms of the mortgage loan agreement between the parties.  However, that proceeding was stayed by the commencement of the instant proceedings under Chapter 13 of Title 11 of the United States Code.

3.  The Respondents deny for want of knowledge the allegations of paragraph five (5) of the Motion for Relief from the Automatic Stay of COUNTRYWIDE HOME LOANS, INC.  Strict proof of the allegations therein is hereby demanded.

By way of further answer thereto, the Movant, COUNTRYWIDE HOME LOANS, INC., by amended proof of claim dated December 2, 2005, filed a secured claim in the amount of $74,214.35 in this matter.  Exhibit "A".

4.  The Respondents specifically deny the allegations of paragraphs six (6) and seven (7) of the Motion for Relief from the Automatic Stay of COUNTRYWIDE HOME LOANS, INC.  Strict proof of the allegations therein is hereby demanded.

By way of further answer thereto, Movant is asserting and completely misrepresents to the Bankruptcy Court that the Debtors are delinquent with their payments to the Chapter 13 Trustee in the amount of $2,077.05 through April 25, 2006.  Exhibit "B".

Respondents assert that they are, in fact, completely current with their payments to the Chapter 13 Trustee.  Exhibit "C".  After any monthly distribution is made by the Chapter 13 Trustee, the amount of the succeeding plan payment in a given case (in this case $1,500.00) is added to the previous amounts that should have been paid by Debtors at the time of the monthly distribution to provide an amount as "Plan Current" through the time of the next distribution made by the Chapter 13 Trustee

(in this case the distribution for May 2006). In this particular case, through the distribution to be made by the Chapter 13 Trustee in May 2006, the Debtors should have paid $16,615.35. As of today's date, the Debtors have paid $15,230.60, which does not include any other payments expected to be received by the Chapter 13 Trustee from the wage attachment in place on the Debtor/Husband's wages prior to the distribution to be made by the Chapter 13 Trustee for May 2006. Exhibit "D".

Furthermore, the Movant, COUNTRYWIDE HOME LOANS, INC. asserts that the "post-petition arrearage is $5,753.51." However, the records of the Chapter 13 Trustee indicate that the post-petition monthly mortgage payment to COUNTRYWIDE HOME LOANS, INC. are current through May 2006. Exhibit "E". Attorney Puida should personally (not telephonically nor through local counsel) appear before the Bankruptcy Court to explain from where she obtained her figures and how she determined the Debtors were in default under the terms of their confirmed Chapter 13 Plan.

5. The Respondents admit paragraphs eight (8) through thirteen (13), inclusive, of the Motion for Relief from the Automatic Stay of COUNTRYWIDE HOME LOANS, INC.

By way of further answer thereto, the Debtors have paid $3,571.48 toward the pre-petition mortgage arrearage claim of COUNTRYWIDE HOME LOANS, INC., with a remaining balance of $11,491.13 on the pre-petition mortgage arrearage claim.

6. The Respondents specifically deny the allegations of paragraphs fourteen (14) and fifteen (15), inclusive, of the Motion for Relief from the Automatic Stay of COUNTRYWIDE HOME LOANS, INC. Strict proof of the allegations therein is hereby demanded.

7. As will be proven by the Debtors at the hearing on the motion for relief, the allegations contained in the motion of COUNTRYWIDE HOME LOANS, INC. were made without evidentiary support and without conducting an inquiry reasonable under the circumstances.

8. As a result of the baseless motion of COUNTRYWIDE HOME LOANS, INC., the Debtors have had to incur costs and attorney's fees, and have had to take time to meet with counsel, in order to respond to the motion and prepare for the upcoming hearing on stay relief.

### **FIRST DEFENSE**

1. The interest of the Movant in the property is adequately protected in that Movant has a lien on the property and Respondents maintain insurance coverage for the real estate protecting the lien of the Movant.

2. The continued use of the real estate by the Debtors is necessary for their effective reorganization under the Chapter 13 case.

### **SECOND DEFENSE**

3. Even if Movant is entitled to relief from the automatic stay, the automatic stay should not be terminated. The Court should grant less drastic relief by conditioning or modifying the automatic stay.

WHEREFORE, the Respondents herein, ROBERT E. ENNIS and KATHLEEN L. ENNIS, pray as follows:

a. request that the Motion for Relief from Stay of COUNTRYWIDE HOME LOANS, INC., be REFUSED, with prejudice, with costs assessed against Movant;

b. that ATTORNEY LESLIE E. PUIDA be required to personally appear before the Bankruptcy Court to explain each baseless allegation that she has asserted;

c. that the Debtors be awarded attorney's fees and costs for defending this frivolous Motion; and,

d. based on this Court's authority under Fed. R. Bankr. P. 9011, section 105 of the Bankruptcy Code, and 28 U.S.C. § 1927, the Debtors request this Court impose sanctions against ATTORNEY LESLIE E. PUIDA and COUNTRYWIDE HOME LOANS, INC. and award Debtor damages, costs, attorney's fees and for such other and further relief which is necessary and proper.

Respectfully submitted,

Dated: May 9, 2006                            /S/ MICHAEL J. GRAML
                                              MICHAEL J. GRAML, ESQ.
                                              Attorney for Debtors/Respondents
                                              714 Sassafras Street
                                              Erie, PA 16501
                                              (814) 459-8288
                                              PA I.D. No. 50220

```
                    IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :    Case No. 05- 11985 -WWB
                                    :         (Chapter 13)
    ROBERT E. ENNIS                 :    Judge Warren W. Bentz
    KATHLEEN L. ENNIS               :
                                    :
            Debtors.                :
                                    :
```

## CERTIFICATE OF MAILING OF NOTICE
## OR OTHER DOCUMENT TO PARTIES IN INTEREST

I, the undersigned, certify that I served or caused to be served, on the __9th__ day of May, 2006 a copy of the foregoing pleading upon each of the following persons and parties in interest at the addresses shown below:

The total number of copies sent was three (3).

| | |
|---|---|
| Leslie E. Puida, Esq.<br>Mellon Independence Center<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106-1532 | Office of the U.S. Trustee<br>Liberty Center, Suite 970<br>1001 Liberty Avenue<br>Pittsburgh, PA 15222 |
| Ronda J. Winnecour, Esq.<br>Office of the Chapter 13 Trustee<br>USX Tower, Suite 3250<br>600 Grant Street<br>Pittsburgh, PA 15219 | |

EXECUTED ON:

```
 May 9, 2006                         /S/ MICHAEL J. GRAML
                                     MICHAEL J. GRAML, ESQ.
                                     Attorney for Debtors/Respondents
                                     714 Sassafras Street
                                     Erie, PA 16501
                                     (814) 459-8288
                                     PA I.D. No. 50220
```