UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-11985 |
| | : | CHAPTER 13 |
| ROBERT E. ENNIS AND KATHLEEN | : | |
| L. ENNIS, DEBTORS | : | |
| | : | |
| COUNTRYWIDE HOME LOANS, INC., | : | DOCUMENT NO. 25 |
| Movant | : | |
| vs. | : | |
| ROBERT E. ENNIS AND KATHLEEN | : | |
| L. ENNIS, AND RONDA J. WINNECOUR: | | |
| TRUSTEE, Respondents | : | |

## MEMORANDUM

Robert E. Ennis and Kathleen L. Ennis ("Debtors") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on June 16, 2005. The Chapter 13 Plan confirmed in the case requires that the Debtors make a payment of $1500 per month to the Trustee and is designed to make current payments and cure arrearages to Countrywide Home Loans ("Countrywide") and to pay a 100% dividend to general unsecured creditors. The Debtors are to be commended. They have paid their payments of $346.15 per week or $1500 per month like clockwork and have never been delinquent.

On May 5, 2006, Countrywide, by and through its counsel, Goldbeck, McCafferty & McKeever and Leslie E. Puida, Esq., filed its Motion for Relief from the Automatic Stay ("Motion"). In ¶6 of the Motion, Countrywide asserts that the "[d]ebtors are currently delinquent in payments to the Chapter 13 Trustee in the amount of $2,077.05." In ¶7, Countrywide asserts that "[t]he total amount of postpetition arrearage is $5,753.51." Countrywide scheduled a hearing on the Motion for June 22, 2006. On May 9, 2006, counsel for Debtors promptly filed a detailed response to the Motion pointing out its deficiencies and requesting that sanctions be

imposed.

It was not until two (2) days prior to the scheduled hearing that Countrywide filed a withdrawal of the Motion, on June 20, 2006. The Court reviewed the withdrawal and indicated that the hearing would proceed as scheduled, it appearing to the Court that the Motion lacked merit and that sanctions may be appropriate to reimburse Debtors for the attorney's fees incurred in responding to the Motion and preparation for the June 22 hearing.

It now appears that counsel for Countrywide used figures shown on the Chapter 13 Trustee's website to calculate a delinquency without understanding that the amount shown as "Plan Current" on April 24, 2006 also included the amount due from the Debtors for May, 2006, which resulted in an incorrect allegation in ¶6 of the Motion.

It further appears that Countrywide misapplied the payments that it received from the Chapter 13 Trustee which resulted in Countrywide providing its counsel with an erroneous figure that was utilized for the incorrect allegation in ¶7 of the Motion.

It is clear that both Countrywide and its counsel failed to make reasonable inquiry prior to making the allegations in the Motion which totally lack evidentiary support. As a result of the filing of the Motion, Debtors have incurred the expense of attorney's fees to prepare and file a Response to the Motion and for preparation for attendance at a hearing. Debtors have also suffered the threat of mortgage foreclosure when they thought they were, and in fact were, abiding by the rules. Also, Debtors' counsel has suffered the rebuke of his clients based on the clients' view that the attorney's work was inadequate. Pursuant to Rule 9011(b) and (c)(1)(B), the Court intends to impose sanctions of $500 on Countrywide and $500 on counsel for

Countrywide for a total of $1,000 payable to counsel for the Debtor unless, within 20 days, either requests an evidentiary hearing at which it wishes to appear to show cause why it has not violated Rule 9011(b).

    An appropriate Order will be entered.

                                                   */s/ Warren W. Bentz*
                                                   Warren W. Bentz
                                                   United States Bankruptcy Judge

c: Leslie E. Puida, Esq.
Michael J. Graml, Esq.



FILED

JUL 2 8 2006

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE